POWER SERVICE CORPORATION *vs.* PASCOAG FIRE DISTRICT.

FEBRUARY 9, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit in which the plaintiff is seeking to recover for services it performed for the defendant under and in connection with a certain contract entered into by the parties. The case was tried in the superior court before a justice thereof and a jury which returned a verdict for the plaintiff in the sum of $1818.16. Thereafter said justice denied the defendant's motion for a new trial, and the latter has duly prosecuted its bill of exceptions to this court.

From the evidence it appears that the plaintiff, an engineering corporation, was employed by the defendant in

the latter part of 1933 to make a survey showing the general layout and the cost of construction of a new water system for the defendant in the vicinity of the village of Pascoag in the town of Burrillville in this state. At that time the defendant fire district was purchasing water for its purposes from the Pascoag Water Company, a private corporation located near Pascoag and serving that village and also the district near the village of Harrisville in said town. The survey in question, showing the estimated construction cost of the new system to be $181,816.67, was furnished to the defendant by the plaintiff on December 15, 1933. This survey was obtained by the defendant so that it could apply, through the Rhode Island emergency public works commission, for a grant of federal funds to be used in constructing the proposed new water system.

Thereupon the defendant did make such application and on July 20, 1934 received notice that it had been awarded a grant of $200,000 upon certain conditions. Immediately following this favorable notice concerning the grant, the plaintiff proceeded to prepare certain detailed plans and specifications for use in the actual construction of the new system. Meantime, in the spring of 1934, the plaintiff had been employed by the defendant to make an appraisal of the properties of the existing Pascoag water company, including those supplying both the defendant district and the Harrisville fire district. For doing this work the plaintiff was paid by the defendant $2000.

In this appraisal, which was made chiefly for the purpose of having the state division of public utilities adjust certain water rates on the petition of the defendant, but which appraisal it was understood by the parties could be used in determining the fair value of the Pascoag water company in case it was purchased by the defendant district, the plaintiff placed a figure of $210,000 as the estimated value of all the properties of the existing water company. In August 1934, soon after the federal grant was obtained by the defendant, it employed another engineering firm to also make

an appraisal of the properties of the Pascoag water company. This was done and the firm in question reported that it considered $147,000 the fair value of said properties.

The evidence further shows that from time to time, and particularly after the defendant obtained the federal grant, negotiations were had between the parties herein looking toward the purchase by the defendant of certain properties of the Pascoag water company, which was asking the sum of $266,500 for all its assets. These negotiations continued until the spring of 1936, when the Pascoag water company agreed to a sale of its entire properties for approximately $160,000, of which sum 67.1% was paid by the defendant district and 32.9% by the Harrisville fire district. In July 1936 this sale was consummated. By reason of this disposition of the matter no new water system was built by the defendant fire district.

In a letter dated May 12, 1936 the plaintiff demanded from the defendant the sum of $1818.16, being 1% of the estimated cost of constructing the new water system. In that letter no reference was made by the plaintiff to any payment based on the reasonable value of its services. When the defendant, on May 19, 1936, refused to comply with this demand, on the ground that nothing was owed by it to the plaintiff, the latter then made a second demand by letter under date of May 22, 1936, in which the amount asked from the defendant was increased to $11,181.67, being 10% of said estimated cost less certain allowances. The present action followed the defendant's refusal to make any payment to the plaintiff.

The contract involved herein is set out in three letters which are in evidence. The first bears date of November 21, 1933, is from the defendant to the plaintiff and reads:

"Gentlemen:

Confirming conversation between Mr. Young of your corporation, and Mr. Gaunt and Mr. Fagan of this operating committee we understand the following:

That you will prepare, free of charge, a complete survey of a proposed water system to replace the one now operated by the Pascoag Water Co.

This survey is to set forth the approximate cost of labor and materials; it is to furnish us with the necessary blue prints etc. in order that we may make a proper application for Federal funds through the R. I. Emergency Public Works Commission.

It is also mutually understood that as you are doing all of the premilinary work gratis, that you will be retained by us to do all engineering work relative to the installation of this water system if this water system is built.

It is also understood that your fee will be on a basis of 10% of the cost of labor and materials when we build the system. . . ."

The second letter under date of November 27, 1933 is also from the defendant to the plaintiff and reads as follows:

"Gentlemen:

Supplementary to our letter of November 21, we agree to the following:

That if the Pascoag Fire District uses the survey made by your corporation as a basis for coming to an agreement with the Pascoag Water Co., either with the Pascoag Water Co. directly, or through the R. I. Public Utilities Commission, that we will pay your corporation as a fee in full for your services, 1% of the estimated cost of the labor and materials that would be used in building a water system in the Pascoag Fire District as set forth in your survey.

Please acknowledge this contract. . . ."

. The third letter is from the plaintiff to the defendant, is dated November 29, 1933, and contains the following material language:

"Gentlemen:

We acknowledge receipt of your letters under dates of November 21 and November 27, 1933, outlining the terms under which we are undertaking the survey which you have authorized us to make of a proposed

water system to replace the one now operated by the Pascoag Water Company.

These terms, as set forth in your letters, are in accordance with our understanding and we are proceeding at once with the survey. . . ."

In the first count of its declaration the plaintiff claims to be entitled to receive from the defendant $18,181.67 on the theory that if the defendant's application for a federal grant was approved then the defendant undertook to proceed with the project in question and to employ the plaintiff thereon. The remainder of the plaintiff's declaration consists of the common counts only. It contains no separate count declaring on any right of the plaintiff to recover under the contract from the defendant in case the survey was used by the latter as a basis for coming to an agreement with the Pascoag water company.

The defendant's exception which requires first consideration is to the refusal of the trial justice to direct a verdict in its favor. The general rule which governs his conduct in deciding a motion for a directed verdict is well established. At such time the trial justice not only does not pass upon the weight of the evidence or the credibility of the witnesses, but he must submit the case to the jury for its determination if on any reasonable view of the evidence the plaintiff can recover; and all legitimate inferences in favor of the plaintiff from such evidence must be given effect.

After examining the evidence introduced in the instant case, in the light of the above rule, we are of the opinion that the plaintiff's claim under the first count in its declaration, as hereinbefore referred to, is without support. Further, in our judgment no such evidence appears in the present transcript as would warrant the trial justice submitting to the jury the question of whether or not the plaintiff should recover from the defendant, under the common counts, for the reasonable value of services rendered. However, on the issue of whether or not the plaintiff ought to receive

from the defendant $1818.16, being 1% of the estimated cost of constructing the new water system, on the ground that the survey furnished the defendant by the plaintiff was used as a basis for coming to an agreement with the Pascoag water company in connection with the sale of its property to the defendant, we are of the opinion that there was in the case some evidence from which the jury might draw inferences in support of the plaintiff's contention that the survey in question was so used. Such being the case, the trial justice was warranted in leaving to the jury, as he did, that issue. It was apparently submitted to the jury under the common counts in the declaration, without objection on the part of the defendant, under the theory that the plaintiff had fully performed its part of the contract in question and nothing remained for the defendant to do but make payment. We find, therefore, that the ruling of the trial justice denying the defendant's motion for a directed verdict was correct, and its exception to such action by the trial justice is overruled.

It now becomes necessary to consider the defendant's exception to the refusal of the trial justice to grant its motion for a new trial based on the usual grounds. In deciding this motion he filed a short rescript in which he indicated that, while he might not agree with the jury's verdict, he felt that they were justified in their decision, and that their verdict should be allowed to stand. The duties and powers of a trial justice in passing upon such a motion have been considered and discussed frequently by this court. They have recently been set out fully in *Anderson* v. *Johnson,* 59 R. I. 241, 195 A. 240, and present repetition thereof seems unnecessary. See also *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180; *Frey* v. *Rhode Island Co.,* 37 R. I. 96; *McMahon* v. *Rhode Island Co.,* 32 R. I. 237.

It is also well settled that, while the finding of a trial justice upon the correctness of a jury's verdict,

based on conflicting evidence, is not necessarily binding upon this court on an exception to such finding, nevertheless it will be regarded as of great persuasive force in appellate proceedings. However, in passing upon such an exception, it is our duty to examine and weigh the evidence presented, and if it appears that the determination of the trial justice on a motion for a new trial was clearly wrong, or was based upon a misconception or overlooking of evidence in the case, then his decision on such a motion will not be approved. *Surmeian* v. *Simons*, 42 R. I. 334.

We have, therefore, carefully considered the evidence introduced in the instant case, treating the somewhat indefinite language used by the trial justice in his rescript as constituting an approval by him of the jury's verdict. Such consideration has led us to the conclusion that the verdict of the jury was against the great weight of the evidence and that the decision of the trial justice in refusing to grant the defendant's motion for a new trial was clearly wrong.

On its case as presented, the burden of proof was upon the plaintiff to establish by a fair preponderance of the evidence that the survey in question was used by the defendant "as a basis for coming to an agreement with the Pascoag Water Company". The defendant through its witnesses positively denied any such use and maintained that, in accordance with a vote of its members, it made use only of the appraisal obtained from the other engineers, in arriving at the agreement. Little, if any, direct evidence was submitted by the plaintiff in support of its contention that the survey prepared by it was so used by the defendant. Definite evidence was lacking which tended to show when or where negotiations between the defendant, the Pascoag Water Company, looking toward the sale of the latter to the former, were held, who was present and took part in such negotiations, how they were con-

ducted, what matters were discussed and how and upon what basis a sale price was finally agreed upon. A witness for the plaintiff did testify, in substance, that the chief factor which brought about the sale of the Pascoag Water Company was the fact that the federal government had approved the defendant's application for a grant to build a new water system.

The plaintiff's case rested upon the inference that, since certain of the defendant's officers who apparently took part in the negotiations in question had complete and full knowledge of what was contained in the survey furnished the defendant by the plaintiff, the former must necessarily have used such survey as a basis for coming to the agreement with the Pascoag Water Company. While undoubtedly the plaintiff is correct in its contention that to enable it to recover the 1% in question, the survey, that is the information contained therein, need be used by the defendant merely as *a* and not as *the* basis for the agreement, we are nevertheless of the opinion that the above-mentioned inference alone is not sufficient to satisfy the burden of proof imposed upon the plaintiff in this case, in view of all the facts and circumstances appearing in the evidence now before us.

The defendant's exception to the refusal of the trial justice to grant its motion for a new trial on the ground that the jury's verdict was against the great weight of the evidence is sustained. It is unnecessary to consider the defendant's other exceptions.

The case is remitted to the superior court for a new trial.

*Judah C. Semonoff, Edmund J. Kelly, Thomas J. Flynn,* for plaintiff.

*Frank F. Davis, Emile H. Ruch,* for defendant